OSHEA ORCHID (SBN 298375)
oo@somlawyers.com
VASILI BRASINIKAS (SBN 344662)
vb@somlawyers.com
xb@somlawyers.com
SETHI ORCHID MINER LLP
31007 San Martinez Road
Val Verde, California 90041
661.221.5561 telephone

*Attorneys for Plaintiff,* M.G., a minor, by and through
PATRICIA GUTIERREZ and MARTIN GUTIERREZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA GUTIERREZ and MARTIN GUTIERREZ, on behalf of M.G., a minor,<br><br>Plaintiff,<br><br>v.<br><br>WESTMINSTER UNIFIED SCHOOL DISTRICT<br><br>Defendant. | Case No.: 8:25-cv-00993-JWH-JDE<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>1. NEGLIGENT HIRING, SUPERVISION, AND RETENTION; AND<br>2. VIOLATION OF TITLE IX DELIBERATE INDIFFERENCE TO GENDER-BASED BULLYING<br>3. VIOLATION OF TITLE IX RETALIATION FOR REPORTING GENDER-BASED BULLYING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff M.G., a minor, by and through PATRICIA GUTIERREZ and MARTIN GUTIERREZ alleges:

**THE PARTIES**

1. Plaintiff M.G., a minor, brings this lawsuit by and through her guardians, PATRICIA GUTIERREZ and MARTIN GUTIERREZ. M.G. is a resident of County of Orange, California.

2. Defendant WESTMINSTER UNIFIED SCHOOL DISTRICT ("Defendant" or "Westminster") is, and at all relevant times mentioned herein, was a municipal entity duly organized and existing under California law.

**JURISDICTION & VENUE**

3. This action has two claims for Violations of 20 U.S.C. § 1601, *et seq*. The United States District Court has Federal Question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant removed this matter from Orange County Superior Court pursuant to 28 U.S.C. § 1441(c). Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because the Defendant resides in this judicial district and because the acts and/or omissions giving rise to liability occurred here.

**GENERAL ALLEGATIONS**

4. Plaintiff M.G. is a minor female, and a resident of the State of California. This action is brought by her guardians, Patricia Gutierrez and Martin Gutierrez, on her behalf. M.G. was enrolled as a fifth-grader at Helen Stacy Middle School for the 2022-23 academic school year.

5. Helen Stacy Middle School is, and all relevant times mentioned herein, was operated, managed, and controlled by Westminster. Westminster is a public school district that receives federal funding and financial assistance.

6. Prior to the events described herein, Plaintiff was an academically successful and outgoing student.

7. During the months leading up to December 6, 2022, Plaintiff was subjected to ongoing and escalating harassment, bullying, and physical assaults by three male students, T., S., and J., both during school hours and online via social media platforms. The harassment included verbal insults such as being called "ugly," "stinky," "annoying," "crybaby," and "pick me girl," as well as physical violence, including kicking and punching.

8. M.G. reasonably believed T., S., and J., were harassing, bullying and physically assaulting her because she is a female.

9. Prior to December 6, 2022, Plaintiff reported to her fifth-grade teacher, Ms. Teresa Sumrall that S. and T. were kicking her. Instead of addressing the physical assaults, Ms. Sumrall punished Plaintiff for talking.

10. Prior to December 6, 2022, Plaintiff also reported to the lunch supervisor on several occasions that S. was pushing her and bullying her during lunch period. The lunch supervisor said “ok’ but did nothing else and S.’s conduct continued at other lunch periods. Furthermore, S. had a history of bullying that Defendant was aware of.

11. Plaintiff, out of fear and concern, did not immediately report the bullying to her parents.

12. On December 6, 2022, after being released from school, Plaintiff was confronted in the school parking lot by T., S., and J., who had been harassing her.

13. The students physically attacked Plaintiff, striking her multiple times in the face, stomach, and head with kicks and punches. Plaintiff ultimately fell to the ground and hit her head on a concrete curb.

14. Plaintiff walked home following the attack and informed her parents, who immediately sought medical attention. Plaintiff suffered a seizure on the way to the emergency room.

15. The incident was reported to the Westminster Police Department (Report No. 22-09890). Plaintiff’s parents also reported the incident to the principal, Sarah

Nead-Rendon and Defendant's Superintendent, Richard Noblett, Carol Da Costa, Charles Hinman, and Moises Merlos, each of whom was an administrator for Defendant.

16. Despite having video footage of the attack, Defendant refused to provide it to Plaintiff's family.

17. Principal Nead-Rendon excused the conduct by saying the three males were kids and learning right from wrong.

18. Defendant's administration was dismissive of the severity of the attack, choosing to discipline only one of the assailants with a mere one-day suspension.

19. Rather than adequately disciplining the aggressors, Defendant suggested that Plaintiff transfer schools or enroll in remote learning.

20. Defendant administrators, teachers and staff did not follow its own policies on harassment and bullying.

21. Following the attack, Plaintiff continued to endure harassment from her assailants via social media, including threats and intimidation for reporting the incident to law enforcement.

22. Upon Plaintiff's eventual return to school in February 2023, one of the attackers spat on her. Defendant again failed to take meaningful action, citing a lack of available space to transfer the aggressor.

23. Defendant administrators encouraged Plaintiff to leave the classroom and undergo remote learning and independent classes.

24. As a result of continued fear and trauma, Plaintiff transitioned to remote schooling, leading to a significant decline in academic performance and severe emotional distress, including anxiety, PTSD, nightmares, and an eating disorder.

25. Plaintiff was excluded from essential school activities, including field trips and her fifth-grade graduation ceremony. Plaintiff was not allowed to attend science camp.

26. Despite multiple reports of bullying, harassment, and physical assault, Defendant failed to implement appropriate disciplinary measures or provide adequate protections for Plaintiff.

27. After months of inaction, Plaintiff's family resorted to social media to raise awareness about the attack and Defendant's mishandling of the situation.

28. Rather than addressing the underlying issues, Defendant retaliated by issuing a cease-and-desist letter on June 16, 2023.

29. As a direct and proximate result of Defendant's negligence, failure to protect, and discriminatory treatment, Plaintiff has suffered severe emotional distress, psychological trauma, and educational harm.

30. Plaintiff continues to struggle with anxiety, PTSD, nightmares, and other psychological effects resulting from the assault and Defendant's response.

31. Plaintiff and her family have incurred and will continue to incur medical expenses, including therapy costs, to address the psychological and emotional consequences of these events.

32. Plaintiff's government claim was filed on August 30, 2023, within one year of the incident, as permitted for minors under Government Code § 911.4.

33. Because the claim was not filed within six months of the incident, Plaintiff also submitted an application for leave to present a late claim on September 1, 2023.

34. On September 8, 2023, Defendant, through its claims administrator Keenan & Associates, denied Plaintiff's application to present a late claim, thereby preventing Plaintiff from proceeding with her lawsuit unless she obtained court approval.

35. As a result, Plaintiff was required to file a Petition for Relief from the Claims Requirement under Government Code § 946.6.

36. On February 10, 2025, the Orange County Superior Court granted Plaintiff's petition, finding that she met the statutory requirements for relief. Attached as **Exhibit 1** is a true and correct copy of Plaintiff's petition. Attached as **Exhibit 2** is a true and correct copy of the Court's minute order granting Plaintiff's petition.

37. As a result of Defendants' actions, Plaintiff required extensive therapy, and suffered from severe trauma, anxiety, and fear.

38. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, as well as medical expenses.

39. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST ALL DEFENDANTS AND DOES 1-10, INCLUSIVE**

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

41. An employer is liable for negligent hiring, supervision, or retention of an employee if the employer knew or should have known that the employee created a particular risk to others; that the employee harmed the plaintiff, and that the employer's negligence in hiring, supervising, or retaining the employee was a substantial factor in causing the plaintiff's harm.

42. Defendants owed Plaintiff a duty of reasonable care to supervise their employees and to take reasonable steps to prevent them from threatening or injuring Plaintiff.

43. Defendants further owed Plaintiff a duty of reasonable care to discharge from employment employees who had threatened or injured or were reasonably likely

to threaten or injure others with whom they came into contact at work, including Plaintiff.

44. Plaintiff is informed and believes that Defendants knew and had reason to know that Plaintiff's teachers created a risk or threat of injury to Plaintiff, as alleged herein.

45. Defendants failed to take appropriate action to protect students such as Plaintiff.

46. Defendants knew or should have known that the assault and battery of Plaintiff was likely to occur absent reasonable and appropriate safeguards.

47. Plaintiff is informed and believes and thereon alleges at all relevant times, Defendants, their employees, including but not limited to teachers, teacher assistants, principals and other administrative and/or supervisory employees at the School owed the following mandatory and/or statutory duties of care to Plaintiff and her mother as alleged in the following paragraphs.

48. Each employee of Defendant had a duty arising from the special relationship entered into between a school and its students, to supervise students and take reasonable steps to protect students including, but not limited to, taking reasonable steps in hiring, screening, selecting, retaining, and supervising teachers, and other personnel with supervisory authority over students, and providing comprehensive education, training, and supervision of management and/or supervisory personnel, in order to protect its students. The special relationship described herein is established when an organization or entity endeavors to provide educational, recreational, or other related services to a minor and/or because of the compulsory nature of the public school system, as described in *M. W. v. Panama Buena Vista Union School District* (2003) 110 Cal.App.4th 508, 518-520, *Virginia G. v. ABC Unified School District* (1993) 15 Cal.App.4th 1848, 1853, and like cases.

49. Each employee of Defendant had a duty arising from the special relationship entered into between a school and the parents of its students, pursuant to applicable law, including but not limited to *Phyllis P. v. Superior Court* (1986) 183 Cal. App. 3d 1193.

50. Defendants breached their duties to Plaintiff. As a direct and proximate result of Defendants' actions, Plaintiff was harmed.

51. The damage allegations of Paragraphs 33 through 35, inclusive, are herein incorporated by reference.

## SECOND CAUSE OF ACTION

## VIOLATION OF TITLE IX – DELIBERATE INDIFFERENCE TO GENDER-BASED BULLYING (20 U.S.C. § 1681, et seq.)

## AGAINST ALL DEFENDANTS DOES 1-10, INCLUSIVE

52. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

53. Plaintiff was subjected to severe, pervasive, and objectively offensive gender-based bullying, including verbal harassment, intimidation, and physical violence by male students, which deprived her of equal access to education. The harassment included being ridiculed for her gender and was subjected to intimidation that created a hostile educational environment.

54. Defendant had actual knowledge of the harassment, as it was reported multiple times by Plaintiff's family and was documented in school records and police reports. Despite having actual knowledge, Defendant failed to take meaningful action to prevent or remedy the harassment. Instead, it engaged in a pattern of deliberate indifference by failing to investigate the bullying properly or discipline the perpetrators, allowing the harassment to continue both in person and online.

55. Defendant's deliberate indifference created and fostered a hostile educational environment.

56. Plaintiff suffered emotional distress, anxiety, PTSD, academic decline, and social isolation, which forced her into remote learning.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, loss of educational opportunities, and reputational harm. Plaintiff has also incurred medical and counseling expenses as a result of the emotional and psychological harm caused by Defendant's deliberate indifference.

58. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.

## THIRD CAUSE OF ACTION

## VIOLATION OF TITLE IX – RETALIATION FOR REPORTING GENDER-BASED BULLYING (20 U.S.C. § 1681, et seq.)

## AGAINST ALL DEFENDANTS DOES 1-10, INCLUSIVE

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39, inclusive, as though set forth in full herein.

60. After Plaintiff and her family reported the ongoing bullying, Defendant retaliated against Plaintiff instead of taking appropriate remedial measures. Defendant's retaliatory actions included suggesting that Plaintiff transfer schools instead of disciplining the bullies, failing to implement any safety measures to protect her, allowing continued online harassment and in-school bullying without intervention, and issuing a cease-and-desist letter to Plaintiff's family after they spoke out about the school's inaction.

61. Defendant's actions constitute unlawful retaliation in violation of Title IX. Retaliation can be established when a school district takes adverse actions against a student following a complaint, thereby discouraging reporting and exacerbating the harm suffered by the victim.

62. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered further emotional distress, loss of educational opportunities, and continued harassment. Plaintiff was forced into remote learning due to ongoing safety concerns, causing her to miss out on critical academic and social development.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, loss of educational opportunities, and reputational harm. Plaintiff has also incurred medical and counseling expenses as a result of the emotional and psychological harm caused by Defendant's retaliation.

64. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial.
2. For statutory attorneys' fees and costs.
3. For declaratory relief.
4. For injunctive relief.
5. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

DATED: October 3, 2025

**SETHI ORCHID MINER LLP**

By: ______________________

Oshea Orchid
Vasili Brasinikas
*Attorneys for Plaintiff,* M.G.

**DEMAND FOR JURY TRIAL**

Plaintiffs PATRICIA GUTIERREZ and MARTIN GUTIERREZ, on behalf of M.G., a minor hereby demands trial by jury.

DATED: October 3, 2025

**SETHI ORCHID MINER LLP**

By: ______________________________

Oshea Orchid
Vasili Brasinikas
*Attorneys for Plaintiff,* M.G.